## WALKER *v.* CALDWELL.

Where, after a third person had been made a party to an action in place of the original plaintiff and recognized as such, defendant excepts to his right to sue as plaintiff, praying that the action may be dismissed, and the exception is sustained and the motion to make him a party to the proceeding is refused, no appeal will lie from the judgment of refusal. *Per Curiam:* The judgment ought to have been in conformity with the conclusion of the exception that the suit be dismissed; and from such a judgment an appeal might have been sustained.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Reynolds*, appellant, *pro se.* *Larue*, for the defendant. The judgment of the court (*King*, J. absent,) was pronounced by

EUSTIS, C. J. This suit was instituted by *Alexander Walker*, as liquidator of the Atchafalaya Banking Company, against the defendant, as a stockholder, for the recovery of a certain sum alleged to be due the bank by way of contribution on his stock. Before issue joined, *M. M. Reynolds*, the appellant, on suggesting his appointment as the successor of *Walker*, was made a party to the suit, and recognized as such. The defendant, among other exceptions to the right of the appellant to sue as plaintiff, objected to the validity of the act of the legislature, under which he was appointed, as being in conflict with the 119th article of the constitution, and of this opinion was the district judge, who decreed that the exception above recited "be sustained, and the motion to make *M. M. Reynolds* a party to this proceeding be refused, with costs." From this decree the appeal is taken.

The appellant had been for months previously the party plaintiff in the suit, and the exceptions were made to his right to stand in judgment as such.

The effect of the decision of the district judge undoubtedly was to put the appellant out of court; and such would have been the decree had it been asked for at the trial. There was no motion pending to be decided. The decision was made on the issue tendered by the exception, and it ought to have been in conformity with the conclusions of the defendant, viz. that the suit be dismissed. From such a decree the appeal could have been sustained. But our Impression is that the decree of the district judge is not of that character irom which an appeal can be taken, and that the present appeal is premature. The matter appears to have been an oversight, which can be easily remedied by the district judge decreeing that the exception of the defendant be sustained, and that the said *Reynolds*, as plaintiff, be hence dismissed.

*Appeal dismissed.*